## TEXAS CO. v. GRAF et al.
### No. 15056.

Court of Civil Appeals of Texas. Fort Worth.
June 17, 1949.

Rehearing Denied July 8, 1949.

John C. Jackson and Fred T. Couper, Jr., both of Houston, for appellant.

Nelson, Montgomery & Robertson and Ernest Robertson, all of Wichita Falls, for appellees.

HALL, Justice.

On March 11, 1939, the tenants in common of an oil and gas lease entered into a contract, wherein the owners of said real estate were designated as party of the first part owning 3/8ths of the real estate and party of the second part owning 5/8ths. The portion of the contract involved in this suit are paragraphs 6 and 8, which read as follows:

"6. It is further understood and agreed by and between the parties hereto that should either party desire to sell its interest in said premises, or any part thereof, and finds a purchaser, or purchasers, who are ready, able and willing to purchase the same, the other party shall have an option to purchase the interest of the party so desiring to sell for the amount of any bona fide offer made by any third party, or parties; and the option of either party to buy the interest of the other party at such price shall extend for a period of five days after notice of such bona fide offer has been communicated to it in writing by the party desiring to sell. If said option to purchase at such price is not exercised within such five-day period, then the party so desiring to sell may dispose of its interest, or interests, to a third party, or parties, as it desires; provided, however, should either of the parties hereto merge or become consolidated with any other corporation, or corporations, such merger shall not be considered a sale within the meaning of the provisions of this paragraph.

"8. This agreement shall extend to and be binding upon the parties hereto, their successors and assigns."

On December 31, 1943, appellant, The Texas Company, acquired the 5/8ths interest owned by party of second part; the other interest was then owned by Clarence L. Norsworthy, Jr. to the extent of an undivided 1/8th interest and by appellee Granite Oil Trust to the extent of 2/8ths.

On April 30, 1948, Clarence L. Norsworthy, Jr. entered into a contract to sell his 1/8th interest to appellee Granite Oil Trust, and consummated said sale on May 30, 1948.

Subsequently appellant refused to pay appellee proceeds from sale of oil produced by the 1/8th interest in question, on the theory it had a prior right to purchase said 1/8th interest under above quoted portion of the contract executed by prior owners.

Appellee sued appellant in a district court of Wichita County, Texas to recover proceeds from sale of oil produced by said 1/8th interest in question and for a declaratory judgment to determine its rights to such interest as against the claim asserted by appellant.

By cross action appellant sought to recover the ⅛th interest from Granite Oil Trust and tendered proper payment into court.

There is no question of waiver by appellant due to the fact Norsworthy notified appellant that he was selling such interest to appellee and appellant immediately within the five day period notified Norsworthy it was ready, able and willing to purchase said interest. However, in the meantime, Norsworthy decided the contract was not enforceable when he was selling to a co-tenant but such contract would be enforceable only if he were selling to a third party.

Trial was to the court which rendered judgment in favor of appellee. Appellant presents this appeal by bringing forward the following five points of error:

1. "The error of the court in failing to decree that Appellant should recover the ⅛ interest and receive an assignment thereof from Appellees, with appropriate disposition of the tender of payment."

2. "The error of the court in ruling that the option provision in the Operating Agreement applies only to a proposed sale to a third party or stranger to the Operating Agreement, and not to a sale between parties in privity with an original party to the Operating Agreement, and that therefore Appellant had no prior right to purchase the ⅛ interest."

3. "The error of the court in ruling that under the option provision Appellees had the right (of equal dignity with that of Appellant) to purchase the Norsworthy ⅛ interest, and that Appellees' purchase was not in violation of the option provision or of Appellant's rights."

4. "The error of the court in ruling that Norsworthy's assignment to Appellees was effective to vest the ⅛ interest in Appellees, and that Appellees thereby became the legal and equitable owners thereof."

5. "The error of the court in ruling that Appellant unlawfully withholds the oil proceeds involved, and in giving Appellees judgment therefor."

There is no dispute as to any material fact involved in this case. The only question before us is a proper construction and application of the above quoted provision in the operating agreement, dated March 11, 1939.

Our construction of such contract, or option to purchase, is that one co-tenant has the right to sell to another co-tenant without notice to the remaining co-owners and not violate the provisions of the written agreement. We further construe the agreement was made for the purpose of granting to each co-owner an option to purchase the property of any other co-owner before such property could be sold to a third party.

Appellant contends since there were only two parties making the original contract that any one else acquiring title to an interest in the property would be classified as a third party. He cites no authority for his contention. We have found none. At the time appellant purchased its ⅝ths interest in the property, it does not contend that the other two owners were not in privy with it or were not in privy with each other. Neither does it contend that they were not the rightful owners to said ⅜ths interest.

By overruling appellant's points of error, we affirm the judgment of the trial court.

On Motion for Rehearing.

In appellant's motion for rehearing it is called to the attention of the court that Norsworthy entered into a contract to sell his one-eighth interest on May 21 instead of April 30, which was the date negotiations began, and that the sale was consummated on May 31 rather than on May 30. The notice of sale by Norsworthy to appellant did not specify that the offer was made by appellee.

These corrections do not call for a holding different from that announced in our original opinion. Appellant's motion for rehearing is overruled.